IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02329-BNB

DANIEL AGUILAR,

    Plaintiff,

v.

DOUG DARR,
DEPUTY POOLE,
DEPUTY SEDILLO, and
DEPUTY HADLEY,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 5 2007

GREGORY C. LANGHAM
                CLERK

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff Daniel Aguilar is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling, Colorado, correctional facility. He initiated this action by filing *pro se* a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2006) and a civil rights complaint pursuant to 42 U.S.C. § 1983 (2003) for money damages. Mr. Aguilar has been granted leave to proceed pursuant to § 1915.

    The Court must construe the complaint liberally because Mr. Aguilar is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Aguilar will be ordered to file an amended complaint.

The Court has reviewed the complaint and has determined that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Aguilar's complaint is vague. The complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). Instead of clearly asserting claims, Mr. Aguilar makes disjoined allegations. He complains that he was subjected to excessive force by Defendant Deputy Sedillio for pressing his medical alert button while he was in an observation cell.

2

He complains that between June and July 2005 Defendant Deputy Poole falsified what appears to have been a disciplinary report. He complains that he was placed in a restraining chair with a mask on for several hours before being placed in an observation cell from July 4 through 10, 2005. He complains that his right shoulder was injured and a nerve severed in his left arm, restricting free movement in his hand. However, he fails to allege how the injuries happened or the role any of the Defendants played in the injuries. He complains that Defendant Hadley, apparently a physician, refused him medical attention for an injury to his right knee. He makes allegations concerning Deputies Moore, Belmont, and Titus, none of whom is named as a Defendant. The copies of the inmate request forms he attaches to the complaint fail to clarify his assertions.

Rather than succinctly stating claim, Mr. Aguilar apparently expects the Court to speculate who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Aguilar's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither Defendants nor the Court is required to do this work for him. Mr. Aguilar must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated, and the specific acts of each Defendant that allegedly violated his rights.

Mr. Aguilar also must assert each Defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused

the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant, such as Sheriff Doug Darr, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Aguilar should be given an opportunity to file an amended complaint. He will be directed to do so below.

Finally, Mr. Aguilar is advised that he must provide sufficient copies of the amended complaint to serve each named Defendant. The Court will not make the copies necessary for service. Therefore, Mr. Aguilar should review his claims carefully to ensure that each named Defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Aguilar file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Aguilar, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Aguilar submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Aguilar fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED February 5, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02329-BNB

Daniel Aguilar
Prisoner No. 67659
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 2/5/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk